UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDGAR ROSALES PENALOZA<br><br>Defendant. | No. 1:20-cr-250-DAD<br><br>ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>(Doc. No. 213) |

On June 14, 2011, following his entry of guilty plea to importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960 before the U.S. District Court for the Southern District of California, defendant Edgar Penaloza was sentenced to a 120 month term of imprisonment in the custody of the U.S. Bureau of Prisons with a 60 month term of supervised release to follow. (Doc. No. 3 at 6, 10, 11.) On August 4, 2015, his motion to reduce his sentence was denied by that court. (*Id.* at 7, 13.) Following defendant's release from prison, on December 16, 2020 jurisdiction of the term of supervised release was transferred to this district. (Doc. No. 2.)

On April 5, 2022, defendant moved for early termination of his supervised release term. (Doc. No. 7.) On April 14, 2022, defendant's supervising probation officer submitted a memorandum with the court which did not support the granting of the motion due to defendant's Penaloza's history and characteristics and in order to ensure community safety. On May 17,

2022, the government filed an opposition to the pending motion. On May 18, 2022, defendant filed a reply in support of his motion. (Doc. No. 11.) Having considered the arguments of the parties and the views of defendant's supervising probation officer, for the reasons explained below the motion for early termination will be denied.

The Ninth Circuit has recently addressed the appropriate standard to be applied to consideration of defendant's motion as follows:

> "The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." Emmett, 749 F.3d at 819. Section 3583(e)(1) "provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'"

*United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022) (quoting 18 U.S.C. § 3583(e)(1)).

Defendant argues that he has now completed approximately 3 years of his five year term of supervised release without violation, that he lives with his family, that he is gainfully employed and he generally contends that the travel restriction condition of his supervised release term has prevented him at times from taking advantage of out of district work opportunities and from being present at some family events. He contends that because he has completed more than 18 months of his supervised release term, there is a presumption under the *Guide to Judiciary Policy* that his request for early termination should be granted. In his reply, defendant argues that the history and characteristics cited by the government and the supervising probation officer in opposing early termination are based upon two instances many years ago, one in which criminal charges were not filed against him and the other one involving a firearm which resulted only in him suffering misdemeanor conviction.

The Ninth Circuit has made clear that early termination of supervised release does not require a showing by a defendant that his or her behavior while on supervised has been exceptional or extraordinary. *Ponce*, 22 F.4th at 1048. Here, it is undisputed that defendant Penaloza has suffered no violation of the conditions of his supervised release over the past three years and appears to be successfully reintegrating into society. This is commendable, of course. Nonetheless, the offense of conviction here was serious, involving the importation of over 10

1 kilograms of actual methamphetamine into the United States (Doc. No. 3 at 13), and the
2 defendant's other history and characteristics noted by the supervising probation officer raise
3 appropriate concerns in the undersigned's view, even if they resulted only in a single
4 misdemeanor conviction.   Based upon all these circumstances, the court finds that the interest of
5 justice would not be served by the granting of the pending motion for early termination of
6 supervised release at this time.  This denial is without prejudice to the bringing of another such
7 motion following the passage of additional time, the defendant's continued compliance with the
8 conditions of supervised release and a showing that consideration of defendant's history and
9 characteristics no longer weigh in favor of him remaining under supervision.

IT IS SO ORDERED.

Dated:   **June 5, 2022**

UNITED STATES DISTRICT JUDGE